UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BOBBY ALLEN WILLIAMS,

                    Plaintiff,                    Case No. 2:16-cv-228

v.                                                Honorable Gordon J. Quist

UNKNOWN MIRON et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Denman, Lindemuth, Salo, Immel and Nylander. The Court will serve the complaint against Defendant Miron.

## Discussion

I.        Factual allegations

Plaintiff Bobby Allen Williams presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF). He sues the

following LMF officials:  Sergeant (unknown) Miron; Assistant Resident Unit Managers (ARUMs) J. Denman and T. Solo;  Resident Unit Manager (RUM) (unknown) Lindemuth; Accountant T. Immel; Business Manager B. Nylander; and six unknown cell-extraction-response- team (CERT) members (Unknown Parties).

Plaintiff alleges that, on May 4, 2013, Defendant Miron threatened to forcibly extract Plaintiff's cellmate from his cell, without a legitimate basis for the threat, thereby provoking Plaintiff's cellmate.  Defendants Miron and the unknown CERT member came to the cell to perform the extraction.  Plaintiff repeatedly asked to be permitted to leave his cell and to take his property, so that neither he nor his property would be injured or damaged.  Miron refused, saying, "F**k you and your property, I[']m giving your black ass a direct order to get on your bunk and stay there, I'm going to gas both of you, I'm in control, and Young Black ass gonna do what I say period!" (Compl., ECF No. 1, PageID.6.)  Plaintiff's cellmate then activated the fire sprinkling system. Defendant Miron shot three rounds of chemical agents into the cell, causing Plaintiff extreme physical pain and injuries to Plaintiff's eyes, nose throat, lungs and skin.  The sprinkler system flooded the cell, causing irreparable damage to Plaintiff's legal mail, legal exhibits, court transcripts and orders, as well as his recently prepared habeas corpus petition, brief, and exhibits.  As a result of his exposure to the gas, Plaintiff had to seek medical treatment both on that date and later dates.

Plaintiff filed a grievance about Miron's refusal to allow Plaintiff to leave his cell with the property.  Defendant Salo reviewed the Step-I grievance and concluded that Plaintiff should seek reimbursement from the Prisoner Benefit Fund for the cost of replacing his legal property, but that the damage was not caused by LMF staff, but by Plaintiff's cellmate.  Defendant Lindemuth signed the Step-I grievance.  Plaintiff complains that Defendants Salo and Lindemuth covered up the improper actions of Defendant Miron and the unknown CERT officers by placing all of the blame for the damage on Plaintiff's cellmate.

Plaintiff appealed the grievance to Step II, complaining that he needed immediate replacement of his materials in order to meet court deadlines.  On May 23, 2013, Warden Bauman responded at Step II, indicating that the MDOC was not responsible for the reimbursement of funds, as its personnel did not cause the damage.  Bauman indicated, however, that Defendant Lindemuth had instructed Plaintiff to provide documentation so that he could receive restitution from the prisoner involved.

Plaintiff thereafter appealed to Step III.  On October 15, 2013, Plaintiff's Step-III appeal was denied on the grounds that the responses at Steps I and II had been appropriate.

Plaintiff requested copies of all documents from the Michigan Supreme Court that were lost in the incident.  On June 10, 2013, he was informed that the cost of copying would be $62.50.  Plaintiff received a letter from the Michigan Court of Appeals on July 7, 2013, indicating that copies of documents from that court would cost $40.00.  On July 2, 2013, he sought reimbursement from Defendant Business Manager Nylander.  On August 7, 2013, Defendant Nylander credited Plaintiff's prisoner trust account with $102.50.  Shortly thereafter, however, Defendant Immel removed the funds that had been placed in Plaintiff's account, preventing Plaintiff from obtaining copies of the records that had been destroyed.

Plaintiff alleges that, because he lacked the necessary records, the petition for habeas corpus that he filed in this Court on January 13, 2014, was a mere skeleton petition, lacking supporting documents.  Plaintiff's petition was denied on August 30, 2016.  *See Williams v. Bauman*, No. 2:14-cv-12 (W.D. Mich. Aug. 30, 2016).

For relief, Plaintiff seeks compensatory and punitive damages.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

-3-

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Defendants Salo, Denman &Lindemuth

Plaintiff fails to make specific factual allegations against Defendants Salo, Denman, and Lindemuth, other than his claim that they failed to adequately investigate and respond to his grievances.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendants Salo, Denman, and Lindemuth engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

### B.   Defendants Immel & Nylander

Plaintiff alleges that Defendants Immel and Nylander did not properly credit his account with the amount necessary for him to obtain replacement copies of the documents that were damaged in the May 4, 2013 incident.  Plaintiff appears to allege that Defendants Immel and Nylander deprived him of his property without due process of law.

Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).  Under *Parratt*, a person

deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or

intentional, of his personal property.  Accordingly, Plaintiff's complaint against Defendants Immel and Nylander will be dismissed.

### C.        Defendants Miron & Unknown Parties

Upon review, the Court concludes that Plaintiff's allegations against Defendants Miron and Unknown Parties are sufficient to state a claim.  The Court therefore will order service of the complaint on Defendant Miron.  The Court lacks sufficient information at this time to serve the complaint on the Unknown Parties.

### <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Denman, Lindemuth, Salo, Immel and Nylander will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Miron.  The Court lacks sufficient information to serve the Unknown Parties.

An Order consistent with this Opinion will be entered.


Dated:  December 1, 2016                          _____/s/ Gordon J. Quist_____
                                                                        GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE