UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BOBBY ALLEN WILLIAMS,

    Plaintiff,

v.                                                               Case No. 2:16-CV-228

UNKNOWN MIRON, et al.,                     HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Bobby Allen Williams pursuant to 42 U.S.C. § 1983. On November 7, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Defendant Miron's motion for summary judgment. (ECF No 8.)

Defendant argued that Plaintiff's case should be dismissed because he failed to exhaust his remedies against Defendant by not naming Defendant in his grievances. Typically, a plaintiff must identify all defendants by name. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010). "Yet the equation changes when the State does not enforce its own rules. When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id.* at 325; *see also Mattox v. Edelman*, 851 F.3d 583, 590–91 (6th Cir. 2017).

In his grievances, Plaintiff referred to the prison "staff" generally and only referenced one individual, former Defendant Denman, in stating that he had discussed the issue with Denman and was instructed to file a grievance. (ECF No. 1-1 at PageID.15.) MDOC waived the requirement

that Plaintiff name all individual Defendants in his grievance by making a decision on the merits, despite nebulously named "staff" defendants. (ECF No. 1-1 at PageID.17.) Accordingly, the Court will do the same and waive the MDOC's procedural requirements.

In his objection to the R & R, Defendant asserts that this result will "require the MDOC to reject every single grievance that could possibly involve other individuals that were not named in the grievance." (ECF No. 18 at PageID.137.) This Order cannot create the parade of horribles that Defendant envisions, *i.e.*, granting prisoners the right to bring litigation against *any* new party not mentioned in the prisoner's grievance. Rather, this Order recognizes that inmates are often unaware of an individual's identity and involvement at the time a grievance is filed. *See, e.g.*, *Hernandez v. Smith*, No. 1:17-CV-327, 2017 WL 6326147, at *1 (W.D. Mich. Dec. 11, 2017) (citing *Martin v. MacLaren*, No. 2:14-CV-208, 2015 WL 4928937, at *2 (W.D. Mich. Aug. 13, 2015)).

Inmates should not be precluded from seeking relief when they must rely on placeholders instead of named defendants. Plaintiff described the events in his grievance, and named the "staff" broadly; in his response to Defendant's objection, Plaintiff states that he could not identify the individual staff members because they were concealed behind masks and the door to his cell. (ECF No. 19 at PageID.147.) Accordingly, the magistrate judge's recommendation to deny Defendant's motion for summary judgment will be adopted and approved.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 7, 2017 (ECF No. 17) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Defendant's Objection (ECF No. 18) is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 8) is **DENIED**.

Dated: January 5, 2018                             /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE