UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BOBBY ALLEN WILLIAMS #440997,

    Plaintiff,

v.                                                                           Case No.   2:16-cv-00228
                                                                         HON.   GORDON J. QUIST

UNKNOWN MIRON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

       This is a civil rights action brought by state prisoner Bobby Allen Williams pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Miron and six unknown officers violated his Eighth Amendment rights by failing to remove him from his prison cell before they sprayed a chemical agent into the cell in order to extract Plaintiff's cellmate, prisoner Young. Defendant Miron is the only remaining Defendant served with a summons and complaint. Plaintiff states that the chemical agent caused the sprinkler in his cell to go off and destroyed all his property including his legal documents.  Plaintiff asserts that his petition for writ of habeas corpus was destroyed causing a denial of access to the courts in violation of his First Amendment right.  Plaintiff argues that no reason existed for the officers to extract his cellmate and that Defendant Miron used profanity and racial slurs toward Plaintiff during the incident. Plaintiff states that the chemical agent caused him pain and injuries to eyes, nose, throat, lungs, and skin. Plaintiff asserts that he had to seek medical care as a result of the use of the chemical agent. Defendant Miron filed a motion for summary judgment (ECF No. 45).  Defendant Miron has submitted two video DVDs depicting the events as they occurred.  Plaintiff did not respond.

The video evidence shows that Defendant Miron approached Plaintiff's cell to inform Plaintiff's cellmate, Young, to submit to a strip search and be removed from the cell due to making a threat against an officer. Prisoner Young was warned that if he failed to comply with the order, he would be sprayed with a chemical agent. Prisoner Young immediately pulled something that caused the sprinkler system to activate. At that moment, Plaintiff was moving toward the cell bunk where he remained throughout the entire incident. Contrary to Plaintiff's assertion, Defendant Miron never spoke with Plaintiff and never directed any comment toward Plaintiff. After prisoner Young activated the sprinkler system, Defendant Miron ordered the officer who was responsible for the chemical agent to spray the agent into the cell. Within seconds, Defendant Miron stated that the chemical agent was not working. The sprinkler system remained active for approximately ten minutes, causing both the cell and the hallway outside the cell to flood. Young commented that the sprinkler system renders the chemical agent non-effective. As Young was being removed from the cell another officer told Plaintiff to remain on the bunk. This was the only comment made by an officer directed toward Plaintiff during the incident.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The

evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that Defendant Miron violated his Eighth Amendment rights by spraying the chemical agent into Plaintiff's cell without reason, without first removing Plaintiff from the cell, and by failing to provide Plaintiff with adequate medical treatment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Defendant Miron ordered the chemical agent after Plaintiff's cellmate activated the sprinkler head in the cell causing the cell to flood. In the opinion of the undersigned, Defendant Miron's use of the chemical agent to subdue prisoner Young was justified and reasonable. Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312, 327 (1986), should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally

permissible where there is penological justification for their use.   *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995). *See Roberson v. Torres*, 770 F.3d 398 (6th Cir. 2014) (holding that the use of a chemical agent after a prisoner repeatedly refuses to obey orders does not violate the Eighth Amendment) (citing *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (holding that a defendant's use of pepper spray on a prisoner who refused to leave the shower did not violate the Eighth Amendment)); *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (noting "that the use of mace to control a prison inmate is not malicious or sadistic"); *Miller v. Palmer*, No. 99-2352, 2000 WL 1478357, at *2 (6th Cir. Sept. 27, 2000) (officers did not violate the Eighth Amendment when prisoner "refused to remove his arm from his food slot[,] refused to allow officers to place him in soft restraints[, and was] given several opportunities to comply with the officers' orders before chemical agents were used").

Due to the water rushing into the cell the chemical agent was ineffective, but prisoner Young did subsequently cooperate with being restrained and removed from the cell. Plaintiff asserts that the chemicals caused his eyes to burn and made him cough. (ECF No. 46-4, PageID.241).   Plaintiff admitted that after the incident he received care from medical staff that included oxygen and a wash solution for his eyes. (PageID.247). In the opinion of the undersigned, Plaintiff has failed to show that Defendant Miron acted with the necessary deliberate indifference to violate Plaintiff's Eighth Amendment rights.   Plaintiff admitted that he received medical care after the incident and despite his claims that he suffered permanent harm due to the use of the chemical agent, he has failed to set forth any medical records that could support such a claim. Plaintiff submitted kites for health care indicating that he suffers with sinus problems in January

of 2014, and in August of 2013. (ECF No. 1-9, PageID.32-33). Plaintiff has failed to show that he has any particular sensitively to the chemical agent or that Defendant Miron was on notice that Plaintiff could be harmed by using the chemical agent to extract Plaintiff's cellmate. Most importantly, Plaintiff has failed to show that Defendant Miron deliberately ignored a threat of harm to Plaintiff at the time he ordered the chemical agent sprayed into Plaintiff's cell.

Plaintiff asserts that Defendant Miron's action caused water damage to his property including his petition for writ of habeas corpus. Plaintiff asserts that he was only able to file a skeleton habeas action in federal court and was not able to attach documents including copies of state court proceedings. Plaintiff admits that his habeas petition is currently proceeding on appeal in the Sixth Circuit Court of Appeals. Plaintiff argues that Miron's action denied him access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

A prisoner must show that the defendant caused an actual injury to the pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*,

771 F.2d 920, 932 (6th Cir. 1985).    An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced.    *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).    Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property.    *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced.    *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).    "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."    *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).    "In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent."    *Wojnicz v. Davis*, 80 Fed Appx. 382, 384 (6th Cir. 2003).

In the opinion of the undersigned, Plaintiff has failed to show that Defendant Miron intentionally violated his right to access the courts.    Plaintiff's cellmate activated the sprinkler head causing damage to Plaintiff's legal property.    Defendant Miron was not the cause of that damage.    Moreover, Defendant Miron did not intentionally deny Plaintiff his right to access to the courts.    Plaintiff filed a habeas petition in federal court which challenged his state court

conviction. That action is currently pending. In the opinion of the undersigned, Plaintiff's claim that Defendant Miron denied him access to the courts should be dismissed.

Alternatively, Defendant Miron moves for qualified immunity from liability. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity. For the reasons stated, it is recommended that the court find that Defendant Miron is entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion Summary Judgment (ECF No. 45) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:    January 27, 2019